UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PAUL HYDE,

    Plaintiff,

v.

JASON KASS, *et al.*,

    Defendants.

Case No. 19-cv-13403
Hon. Matthew F. Leitman

_____/

**ORDER (1) DENYING INDIVIDUAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF No. 19); AND (2)
GRANTING COUNTY OF MACOMB'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 17)**

This action arises out of Plaintiff Brian Paul Hyde's detention at Macomb County Jail in 2018. Hyde claims that Defendants Jason Kass, Bartosz Nowak, Jonathan Dominka, Matthew Luckino, and Nikita Petrovskiy, all of whom are Macomb County Corrections Officers (collectively, the "Individual Defendants"), used excessive force on him during an incident at the Jail in July 2018. Hyde brings claims against the Individual Defendants under 42 U.S.C. §1983 and under Michigan law. Hyde also asserts a *Monell* claim against Defendant County of Macomb (the "County").

On August 6, 2021, the Individual Defendants and the County, respectively, filed motions for summary judgment on Hyde's claims against them. (*See* Mots., ECF Nos. 19, 17.) Hyde filed responses in opposition to both motions, (*see* Resps., ECF Nos. 24, 25), and the County and Individual Defendants replied. (*See* Replies, ECF Nos., 27, 28.) The Court held a hearing on both motions on June 21, 2022.

For the reasons explained on the record and herein, the Individual Defendants' motion (ECF No. 19) is **DENIED**. As explained in detail on the record, the Individual Defendants invoke the defense of qualified immunity (among other defenses), but they fail to take the facts "in the light most favorable to" Hyde. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Their motion relies on the premise that the Individual Defendants used permissible levels of force, including punches and a taser, on Hyde because he (Hyde): (1) threw a cup of urine at the Individual Defendants; (2) actively resisted their attempts to handcuff him; and (3) would not submit to their attempts to place him in a restraint chair. However, as candidly acknowledged by counsel for the Individual Defendants at the hearing, Hyde's testimony is that (1) he did not throw urine; (2) he did not resist the Individual Defendants' initial efforts to restrain and/or handcuff him; and (3) he was fully restrained and not resisting while in the restraint chair when he was tased.[1] For

---

[1] Defendants argue that Hyde admitted throwing urine, among other things, when he entered a *nolo contedere* plea in state court to two charges of assaulting a prison employee that arose out of the incident underlying Hyde's claims here. (*See* County

2

purposes of summary judgment, the Court must credit this testimony. And, while the parties have submitted certain videos of the incident to the Court, these videos do not so conclusively refute Hyde's version of events as to require the Court to reject his testimony for purposes of summary judgment. Thus, viewing the evidence in the light most favorable to Hyde and drawing "all justifiable inferences […] in his favor," *id.* at 651, the Court concludes that there is a genuine issue of material fact as to whether the Individual Defendants used permissible levels of force against Hyde. Because the Individual Defendants' motion rests on a version of events that does not take the facts in the light most favorable to Hyde, and for all the reasons stated on the record, the Court **DENIES** their motion for summary judgment on all of Hyde's federal claims under Section 1983 (ECF No. 19). The Court likewise **DENIES** the Individual Defendants' motion for summary judgment on Hyde's state-

---

Mot., ECF No. 17, PageID.79.) However, as the Court noted on the record, the Sixth Circuit and other Judges on this Court have explained that a criminal defendant entering a *nolo contendere* plea in Michigan court "admit[s] no facts[.]" *Miller v. Vill of Pinckney*, 365 F. App'x 652, 655 (6th Cir. 2010); *see also Shirley v. City of Eastpoine*, 2013 WL 4666890, at *8 (E.D. Mich. Aug. 30, 2013) (rejecting argument that plaintiff "admitted [] facts" by virtue of his prior *nolo contendere* plea, and his stipulation to factual basis in support thereof, and was thus precluded from relitigating those facts); *Rucker ex rel. Estate of Rucker-Todd v. Hyatt Regency Dearborn*, 2015 WL 13036686, at *3 (E.D. Mich. Mar. 26, 2015) ("[U]nder Michigan court rules, the evidentiary support for a finding of guilt required ... before a court may accept a no-contest plea is not tantamount to a conclusive factual finding for civil purposes.") (internal quotation marks and citation omitted). Counsel for the Individual Defendants was unable to cite any contrary authority at the hearing.

law claims because their failure to take the facts in the light most favorable to Hyde precludes the Court from granting summary judgment in their favor on those claims.

With respect to the County's motion for summary judgment on Hyde's *Monell* claims against it, the Court **GRANTS** that motion (ECF No. 17).  During the hearing, Hyde clarified that his *Monell* claims against the County are based on: (1) the County's use of force policy that allegedly permitted officers to use force in response to conduct that does not amount to active resistance (the "Use of Force Policy Claim"); and (2) the County's alleged failure to train Kass on the use of a taser (the "Failure to Train Claim').  Both fail on summary judgment.

With respect to the Use of Force Policy Claim, as explained on the record, Hyde has failed to identify any evidence that the County's use of force policy was the "moving force" behind the alleged violations here. *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019).  On the contrary, Hyde indicated that he intends to present expert testimony that "will [] opine that [the Individual] Defendants *violated*" the County's use of force policy. (*See* Resp. to Ind. Defs. Mot., ECF No. 24, PageID.586 (emphasis added).)  Under Hyde's own theory, the County's use of force policy could not have been the "moving force" behind the alleged violations of his rights since the policy *prohibited* the allegedly-unlawful force in question. Moreover, Hyde has not identified any evidence that the Individual Defendants applied force against Hyde based on an understanding that the County's policy

4

allowed them to use force in response to conduct that fell short of active resistance. The absence of such evidence underscores that the County's policy was not the moving force behind the allegedly-unlawful use of force here. For these reasons, and for the reasons stated on the record, the Court concludes that Hyde's Use of Force Policy Claim against the County fails as a matter of law.

Hyde's Failure to Train Claim fares no better. As explained on the record, Hyde has not established a cognizable failure to train in this case. At most, Hyde has shown that one of the Individual Defendants (Kass) received two certifications in the use of tasers, but missed certain other annual certifications. Kass's sporadic training on taser use is, standing alone, insufficient to make out a failure to train claim under *Monell*. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.") In any event, Hyde has failed to identify any evidence that this purported failure to train Kass was the moving force behind the alleged violation here. For instance, Hyde has not pointed to any evidence that Kass erroneously believed he was authorized to tase restrained and non-resisting suspects. Accordingly, Hyde's Failure to Train Claim cannot proceed.

5

For these and all the reasons stated on the record, the Court concludes that Hyde's *Monell* claims against the County fail as a matter of law. Accordingly, the County's motion for summary judgment (ECF No. 17) is **GRANTED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 22, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126